JOHN J. CARNEY ET AL. *v.* FRANCIS J. PILCH ET AL.

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE NO. 106253

Memorandum filed March 6, 1972

*Hubert J. Santos,* of Enfield, for the plaintiffs.

*Kevin B. Kenny,* of Hartford, for the defendants.

SPONZO, J.   The plaintiffs, enrolled members of the Democratic party in the town of Enfield, seek to enjoin the defendants from doing any act relative to the selection of members of the town committee pursuant to rules promulgated by the Democratic party of the town of Enfield.

The defendants have filed a plea in abatement, alleging several grounds, chief of which is the failure of the plaintiffs to exhaust their administrative remedies. The defendants introduced into evidence a copy of the rules of the Democratic party of the state of Connecticut.   General Statutes § 9-374 is the authority for the filing of rules by both state and local parties.   The plaintiffs have denied the allegations of the defendants' plea in abatement.

Actions against the Democratic state central committee are distinguishable.   The instant case has been instituted by enrolled members of the Democratic party of the town of Enfield against officials of the local Democratic party of the town of Enfield

relative to the party rules concerning the procedure for the selection of party-endorsed candidates for the office of town committee member.

On October 2, 1971, at a state convention, the Democratic party of the state of Connecticut amended its rules. Articles 6 and 7 provide the basis for rules which bind local parties in the endorsement of candidates for various offices, including that of a town committee member. Pursuant to § 9-398 of the General Statutes, entitled "Dispute as to endorsement," the Democratic party of the state of Connecticut adopted article 4, which provides that "any dispute concerning endorsements for any office, or for delegate, or for town committee member or officer, and any dispute concerning the interpretation and effect of party rules and procedures, which cannot be settled locally, shall be resolved by a committee composed of no less than five members of the State Central Committee . . . concerned. The decision of said committee shall be conclusive and binding upon all parties in interest." The plaintiffs claim that the defendants have violated the provisions of General Statutes § 9-390, dealing with selection of party-endorsed candidates, when they adopted the rules for the Democratic party of the town of Enfield on December 9, 1971.

Political parties are voluntary associations for political purposes. They establish their own rules. The rule appears to be that in factional controversies within a political party, where there is no controlling statute or clear legal right involved, the court will not assume jurisdiction but will leave the matter for determination by the proper tribunals of the party itself, or by the electors at the polls. *State ex rel. Dawson* v. *Gleason,* 10 Conn. Sup. 210, 216. The reluctance of courts to decide between rival factions of political organizations is proverbial. *State ex rel. Sturdevant* v. *Allen,* 43 Neb. 651.

While it is true that the plaintiffs rely on their allegations that § 9-390 of the General Statutes has been violated, it must be remembered that § 9-398 of the General Statutes provides for an internal resolution of factional disputes.

Because of the failure of the plaintiffs to comply with the provisions of article 4 of the rules of the Democratic party of the state of Connecticut, they have failed to exhaust their administrative remedies.

Accordingly, the plea in abatement is sustained.